1  TOWNSEND AND TOWNSEND AND CREW LLP
   GREGORY S. GILCHRIST (Bar # 111536)
2  GIA L. CINCONE (Bar # 141668)
   Two Embarcadero Center, 8th Floor
3  San Francisco, California  94111
   Telephone:  (415) 576-0200
4  Facsimile:  (415) 576-0300
   Email:  gsgilchrist@townsend.com, glcincone@townsend.com
5
   Attorneys for Plaintiff
6  LEVI STRAUSS & CO.

7

8                    UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 | LEVI STRAUSS & CO.,                  Case No. C 07-1014 CW

12 |            Plaintiff,
                                          **STIPULATION TO FINAL JUDGMENT
13 |        v.                            AND PERMANENT INJUNCTION**

14 | MARAN, INC.,

15 |            Defendant.

16

17     Plaintiff Levi Strauss & Co. and Defendant Maran, Inc. hereby stipulate to the facts and

18 conclusions contained in the attached Final Judgment and Permanent Injunction and consent to its

19 entry by the court.

20
   IT IS SO STIPULATED AND CONSENTED.
21
   DATED:  July 9, 2007              TOWNSEND AND TOWNSEND AND CREW LLP
22

23                                   By:    /s/ Gia L. Cincone
                                            Gia L. Cincone
24                                   Attorneys for Plaintiff LEVI STRAUSS & CO.

25
   DATED:  July 9, 2007              ROBERT L. MULLIGAN, ESQ.
26
                                            /s/ Robert L. Mulligan
27
                                     Attorney for Defendant MARAN, INC.
28

STIPULATION                          - 1 -              *Levi Strauss & Co. v. Maran, Inc.*
                                                                     Case No. C 07-1014 CW

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI STRAUSS & CO.,<br><br>    Plaintiff,<br><br>  v.<br><br>MARAN, INC.,<br><br>    Defendant. | Case No. C 07-1014 CW<br><br>**FINAL JUDGMENT UPON CONSENT AND PERMANENT INJUNCTION** |

  Plaintiff Levi Strauss & Co. ("LS&CO.") has filed a Complaint alleging trademark infringement, dilution, and unfair competition under federal and California law against defendant Maran, Inc. ("Maran"). LS&CO. alleges that Maran has manufactured, promoted, and sold clothing, including denim jeans, that violates LS&CO.'s rights in its registered Arcuate Stitching Design Trademark (the "Arcuate trademark").

  The Court now enters final judgment based upon the following stipulated facts. Each party has waived the right to appeal from this final judgment and each party will bear its own fees and costs in connection with this action.

**I. STIPULATED FACTS AND CONCLUSIONS**

  A. This Court has subject matter jurisdiction over this lawsuit and personal jurisdiction over Maran. Venue is proper in this Court.

  B. LS&CO. owns the Arcuate trademark, which is a valid and famous trademark of LS&CO. and which is registered as follows for use on a variety of casual apparel:

    a. U.S. Registration No. 1,139,254 (first used as early as 1873; registered September 2, 1980);

    b. U.S. Registration No. 404,248 (first used as early as 1873; registered November 16, 1943);

    c. U.S. Registration No. 2,791,156 (first used as early as September 1, 1936; registered December 9, 2003);

    d. U.S. Registration No. 2,794,649 (first used as early as 1873; registered December 16, 2003);

    e. California Registration No. 088399 (first used as early as 1873; registered August 24, 1988).

  C. Maran has manufactured, distributed, and sold jeans under the brand name D JEANS that display the pocket designs illustrated in Exhibit A (the "Maran designs").

**II. ORDER**

  It is hereby ordered and adjudged as follows:

  1. Maran shall pay the sum of $10,000.00 to LS&CO. within twenty (20) days of entry of this Judgment.

  2. Commencing as of the "So Ordered" date of this Final Judgment and Permanent Injunction, Maran, its principals, agents, affiliates, employees, officers, directors, servants, privies, successors, and assigns, and all persons acting in concert or participating with it or under its control who receive actual notice of this Order, are hereby permanently enjoined and restrained, directly or indirectly, from doing, authorizing or procuring any persons to do any of the following:

    a. Manufacturing, licensing, selling, offering for sale, distributing, importing, exporting, advertising, promoting, or displaying any garments that display any stitching or other design in any of the shapes illustrated in Exhibit A, or any other stitching or design that is substantially similar to those illustrated in Exhibit A;

    b. Manufacturing, licensing, selling, offering for sale, distributing, importing,

1  exporting, advertising, promoting, or displaying any garments that display any stitching or other
2  design that may reasonably be believed to be as similar or more similar to the Arcuate trademark than
3  any of the Maran designs;

4      c.    Violating the rights of Levi Strauss & Co. in and to its Arcuate trademark; and

5      d.    Assisting, aiding or abetting any person or entity engaging in or performing any
6  act prohibited by this paragraph.

7      3.    In the event that Maran violates the terms of this Judgment by making, selling or
8  offering for sale garments displaying any of the designs illustrated in Exhibit A, it shall pay to
9  LS&CO. liquidated damages of (a) 20% of the net sales revenue received by Maran at any time on
10 account of such garments, or (b) $10,000, whichever is greater, and judgment shall be entered against
11 Maran for that amount.  Maran specifically acknowledges that this is a reasonable estimate of the
12 damages to which LS&CO. would be entitled by virtue of Maran's sales of such garments and the
13 costs LS&CO. has incurred in enforcing its rights.  Such liquidated damages shall be in addition to
14 any further damages or equitable relief to which LS&CO. may be entitled with respect to future sales
15 by Maran that violate LS&CO.'s trademark rights, but any payments made by Maran pursuant to this
16 paragraph shall be deemed a credit against any potential award of damages under this paragraph.  If
17 LS&CO. commences an action for enforcement of this liquidated damages provision, the prevailing
18 party shall be awarded reasonable attorneys' fees and costs from the other party.

19     4.    This Court shall retain jurisdiction for the purpose of making any further orders
20 necessary or proper for the construction or modification of this Judgment, the enforcement thereof,
21 and/or the punishment for any violations thereof.  In the event of any violation of this Permanent
22 Injunction, Maran shall be responsible to pay LS&CO., at a minimum, all of LS&CO.'s fees and costs
23 associated with this action as well as any enforcement or contempt proceedings.
24 ///
25 ///
26 ///
27 ///
28 ///

1      5. For the purpose of any future proceeding to enforce the terms of this Judgment, service
2  by mail upon a party or their counsel of record at their last known address shall be deemed adequate
3  notice for each party.

5  IT IS SO ORDERED AND ADJUDGED.

7  DATED:   7/24/07                       /s/ Claudia Wilken
8                                           Hon. Claudia Wilken
                                                 United States District Judge